1  THE PEOPLE'S LAW FIRM, PLC
   Stephen D. Benedetto (Ariz. Bar No. 022349)
2  Heather Hamel (Ariz. Bar No. 031734)
   645 North 4th Avenue, Suite A
3  Phoenix, Arizona 85003
   Telephone: (602) 456-1901
4  Facsimile: (602) 801-2834
   benedetto@the-plf.com
5  hamel@the-plf.com

6  *Firm email for service of documents*
   admin@the-plf.com
7

8  *Attorneys for Plaintiff Norma Flores Valdez*

              IN THE UNITED STATES DISTRICT COURT
9
              FOR THE DISTRICT OF ARIZONA
10

11 | Norma Flores Valdez, | Case No. |
   | Plaintiff, | |
12 | | |
   | v. | **COMPLAINT** |
13 | | |
14 | City of Mesa, Nicholas Oswald, Brandon Grissom, Emmanual Donavan, Chris Lentine, and Chase Hudson, | |
15 | | **(JURY TRIAL DEMANDED)** |
   | Defendants. | |
16

17

18     For her Complaint against Defendants City of Mesa, Nicholas Oswald, Brandon

19 Grissom, Emmanual Donavan, Chris Lentine, and Chase Hudson, Plaintiff Norma Flores

20 Valdez, upon information and belief, hereby alleges as follows:

21                          **STATEMENT OF THE CASE**

22     On March 22, 2022, Mesa Police officers followed Alberto Noriega while he was

23 riding a motorcycle; shot him with a "less-lethal" (beanbag) round and knocked him of the

24 motorcycle to the ground; tased him while he laid on his back with his hands in the air; and

25 then shot him to death.  Mr. Noriega's mother, Plaintiff Norma Flores Valdez brings this

26 lawsuit as the putative personal representative of Mr. Noriega's estate and on behalf of Mr.

Noriega's surviving wrongful death beneficiaries pursuant to A.R.S. § 12-611 et seq.

**<u>PARTIES</u>**

1.      Plaintiff Norma Flores Valdez ("Plaintiff") is a woman residing in Maricopa County, Arizona.  She is the surviving mother of the late Alberto Noriega ("Mr. Noriega" or "Decedent"), and is the putative Personal Representative of his Estate (the "Estate").[1]

2.      In this Complaint, Plaintiff asserts claims on behalf of the Estate against the individual officers named herein for violations of 42 U.S.C. § 1983, and asserts claims on her own behalf as well as on behalf of Decedent's remaining surviving heirs as defined by A.R.S. § 12-612, including his father, Fidencio Noriega, and his minor son, K.N., both of whom are wrongful death beneficiaries under Arizona law.

3.      Defendant City of Mesa (the "City") is a municipal corporation created under the laws of the State of Arizona.  The City is under a duty to run its law enforcement activities in a lawful manner to preserve the peace and to preserve for its citizens the rights, privileges, and immunities guaranteed and secured to them by the Constitutions and laws of the United States and the State of Arizona.

4.      The City has established or delegated to its law enforcement agency the responsibility for establishing and implementing policies, practices, procedures and/or customs used by law enforcement officers employed by the City regarding the investigation, detention, arrest, and public relations during law enforcement operations.

5.      Every act and omission of the employees, representatives, and agents of the Defendants detailed in this Complaint was performed under the color and pretense of the Constitutions, statutes, ordinances, regulations, customs, and uses of the United States of America, the State of Arizona, and the City of Mesa, by their authority as sworn officers, and within the course and scope of their employment.

---

[1] Plaintiff has filed an Application for Informal Appointment of Personal Representative with the Maricopa County Superior Court.  As of the date of this amended complaint she is awaiting her formal appointment.

6.      The City of Mesa is named in this Complaint solely for the purpose of its direct and vicarious liability under Arizona law; no federal claims are asserted against the City of Mesa at this time.

7.      Upon information and belief, Defendant Nicholas Oswald is a sworn police officer employed by the City of Mesa.

8.      Upon information and belief, Defendant Brandon Grissom is a sworn police officer employed by the City of Mesa.

9.      Upon information and belief, Defendant Emmanuel Donavan is a sworn police officer employed by the City of Mesa.

10.     Upon information and belief, Defendant Chris Lentine is a sworn police officer employed by the City of Mesa.

11.     Upon information and belief, Defendant Chase Hudson is a sworn police officer employed by the City of Mesa.

12.     Defendants Oswald, Grissom, Donavan, Lentine, and Hudson are referred to collectively in this Complaint as the "Individual Officers."

13.     Every act and omission of the Individual Officers was performed under the color and pretense of the Constitutions, statutes, ordinances, regulations, customs, and uses of the United States of America, the State of Arizona, and the City of Mesa, by their authority as sworn officers.

14.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(a)(3)(4) and 1367(a). This Court has jurisdiction over Plaintiff's claims for violation of Mr. Noriega's civil rights under 42 U.S.C. § 1983.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the acts and omissions that give rise to this action occurred within this District and this Court otherwise has jurisdiction.

1    16.    This case presents an actual case in controversy arising under the Fourth

2    Amendment the United States Constitution, and under the provisions of 42 U.S.C. §§ 1983

3    and 1988.

4                                **GENERAL ALLEGATIONS**

5    17.    On the afternoon of March 22, 2022, a group of plainclothes detectives from

6    the Mesa Police Department's Street Crimes unit were surveilling a home in Mesa for a

7    matter that was unrelated to Mr. Noriega.

8    18.    Upon information and belief,[2] while performing surveillance, the officers

9    observed two men arrive at the area on a motorcycle, park it, leaving it idling outside.

10   19.    Upon information and belief, after the men left the motorcycle, the officers

11   ran the license plate and determined that it was stolen.

12   20.    Upon information and belief, at some point thereafter Decedent Carlos

13   Noriega observed the motorcycle idling, mounted it, and began to drive it away.

14   21.    Upon information and belief, when officers observed Mr. Noriega drive the

15   motorcycle away from the area they called for additional unmarked units and air back-up.

16   22.    Upon information and belief, the officers followed the motorcycle for several

17   stops, eventually procuring additional unmarked back-up units as well as air support.

18   23.    Upon information and belief, as motorcycle proceeded south towards

19   Chandler, Arizona the units were joined by a marked Mesa Police Department ("MPD")

20   vehicle, which signaled for the motorcycle to stop.

21   24.    Upon information and belief, the group of MPD units—including Officers

22   Oswald, Grissom, Donavan, Lentine, and Hudson—followed the motorcycle into a trailer

23   park, surrounding it on multiple sides.

24

25   ───────────────────────
     [2] Because Mr. Noriega is deceased the factual allegations of this Complaint are based upon
26   information and belief, namely, the police reports and supplemental reports documenting
     the events alleged herein.

                                      - 4 -

25.    Upon information and belief, Officer Oswald, armed with a "less lethal" shotgun, pulled up close to the motorcycle, pointed it at Mr. Noriega, and fired a "less lethal" beanbag round at him, knocking him to the ground.

26.    Upon information and belief, as Mr. Noriega was on the ground making audible moaning sounds, Officer Grissom shot Mr. Noriega with his Taser 7, causing Mr. Noriega's body to "lock up."

27.    Upon information and belief, Officer Grissom shocked Mr. Noriega for several seconds during which he yelled instructions to Mr. Noriega to "show me your hands."

28.    Upon information and belief, before Mr. Noriega had a chance to reasonably comply with the command, Officer Grissom deployed a second, 5-second cycle of electrical charge to Mr. Noriega using his Taser, shooting him again and again causing Mr. Noriega's body to "lock up."

29.    Upon information and belief, when the 5-second cycle was complete, Mr. Noriega began to roll back onto his side and Officer Grissom tased him the third time.

30.    Upon information and belief, while Mr. Noriega was being Tased Officer Grissom called out "he's got a gun, he's got a gun" and multiple MPD officers opened fire on Mr. Noriega.

31.    Upon information and belief, Officer Oswald fired two more "less lethal" beanbag rounds at Mr. Noriega both of which, upon information and belief, struck Mr. Noriega.

32.    Upon information and belief Detective Lentine fired two shots at Mr. Noriega from his Glock model 17 9mm handgun.

33.    Upon information and belief Detective Hudson fired six shots at Mr. Noriega from his Sig Sauer 32 handgun.

1    34.    Upon information and belief Officer Donavan fired three shots at Mr. Noriega

2    from his Glock model 17 9mm handgun.

3    35.    Mr. Noriega died on the scene due, upon information and belief, to the shots

4    fired by Detective Lentine, Detective Hudson, and/or Officer Donavan.

5
6    **FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983—Excessive Force in Violation of the Fourth Amendment**
*(Against Officers Oswald, Grissom, Donavan, Lentine & Hudson)*

7

8    36.    Plaintiff incorporates by reference all allegations asserted in the paragraphs

9    above as though they were fully set forth herein.

10    37.    42 U.S.C. § 1983 provides, in relevant part, as follows:

11
12            Every person, who under the color of any statute,
        ordinance, regulation, custom or usage of any state or
13            territory of the District of Columbia subjects or causes to
        be subjected any citizen of the United States or other
        person within the jurisdiction thereof to the deprivation
14            of any rights, privileges or immunities secured by the
        constitution and law shall be liable to the party injured
15            in an action at law, suit in equity, or other appropriate
        proceeding for redress. . .
16

17    38.    Prior to his death, Mr. Noriega was entitled to all of the rights, privileges, and

18    immunities secured by the United States Constitution.

19    39.    Defendants Oswald, Grissom, Donavan, Lentine and Hudson are "persons"

20    for the purposes of 42 U.S.C. § 1983.

21    40.    Defendants Oswald, Grissom, Donavan, Lentine and Hudson were, at all

22    times relevant hereto, acting under the color of law in their capacities as a City of Mesa

23    police officers.

24    41.    At the time of the above-mentioned, complained-of events, the Fourth

25    Amendment to the United States Constitution clearly established Mr. Noriega's right to be

26    secure in his person from unreasonable seizure through excessive force.

42.    Defendants Oswald violated these rights when he shot Mr. Noriega multiple times with his less lethal beanbag rounds, upon information and belief causing Mr. Noriega physical and psychological pain and suffering in the moments leading up to his death.

43.    Defendant Grissom violated these rights when he shot and deployed multiple Taser rounds at Mr. Noriega, upon information and belief causing Mr. Noriega physical and psychological pain and suffering in the moments leading up to his death.

44.    Defendant Donovan, Lentine, and Hudson all violated these rights when they each fired multiple shots at Mr. Noriega, ultimately striking Noriega and ultimately causing his death.

45.    Defendants Oswald, Grissom, Donavan, Lentine and Hudson, as described herein, engaged in the above-described conduct willfully, maliciously, in bad faith, and in reckless disregard of Mr. Noriega's federally protected constitutional rights.

46.    The acts and omissions of Defendants Oswald, Grissom, Donavan, Lentine and Hudson, as described herein, intentionally deprived Mr. Noriega of his constitutional and statutory rights.

47.    Defendants Oswald, Grissom, Donavan, Lentine and Hudson are not entitled to qualified immunity for the complained-of unconstitutional conduct.

48.    Mr. Noriega lost his life as a direct and proximate result of the Individual Officers' violations of his constitutional rights as described herein.

49.    Mr. Noriega suffered significant physical pain and psychological anguish prior to his death as a direct and proximate result of the Individual Officers' violations of his constitutional rights as described herein.

### SECOND CLAIM FOR RELIEF
**Wrongful Death under A.R.S. § 12-6122 et seq.**
*(Against City of Mesa Only)*

50.    Plaintiff incorporates by reference all allegations asserted in the paragraphs above as though they were fully set forth herein.

51.    While working as law enforcement officers, Mesa Police Department employees owed all other individuals, including Decedent Alberto Noriega, the duty to act as reasonably prudent police officers under the circumstances facing them, without evincing a reckless disregard for Mr. Noriega's rights, life, and safety.

52.    The City's employees—including, without limitation, their police officers— breached their duties of reasonable care in a number of ways, including but not limited to: (a) their training and supervision of the officers who used force against Mr. Noriega; (b) their investigation and pursuit of Mr. Noriega; and (c) their use of force against Mr. Noriega.

53.    At the time these employees engaged in these grossly negligent acts and omissions they were acting within the course and scope of their employment for the City of Mesa.

54.    The City of Mesa knew, or should have known, of these employees' propensity to commit such acts.

55.    Mr. Noriega lost his life as a direct and proximate result of the employees' negligent and grossly negligent acts and omissions.

56.    Mr. Noriega's statutory beneficiaries were injured by and through the loss of their loved one, and suffered damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Norma Flores Valdez hereby requests that the Court enter judgment as follows:

      a.    For an award of compensatory damages (including general, special, and consequential damages) against the City of Mesa and in favor of Plaintiff, in an amount sufficient to compensate Plaintiff, Mr. Noriega's father, and Mr. Noriega's minor son for his wrongful death, in an amount to be proven at trial;

b. For an award compensatory damages (including general, special, and consequential damages) against the Individual Officers and in favor of Plaintiff in an amount sufficient to compensate Mr. Noriega's estate for the full extent of allowable damages under 42 U.S.C. § 1983, including without limitation the loss of Mr. Noriega's life and the pain, suffering, and anguish Mr. Noriega suffered prior to his death;

c. For an award of nominal damages against the Individual Officers, and in favor of Plaintiff, as provided by federal law;

d. For an award of punitive damages against the Individual Officers, and in favor of Plaintiff in an amount sufficient to punish them for their willful violations of Mr. Noriega's rights and deter them and others from similar misconduct in the future;

e. For prejudgment interest on all liquidated sums;

f. For attorneys' fees as provided for by Arizona law and federal law;

g. For Plaintiffs' costs and other expenses incurred in this action; and

h. Such other and further relief as the Court deems just.

DATED this 22nd day of March, 2024.

THE PEOPLE'S LAW FIRM
645 North 4th Avenue, Suite A
Phoenix, Arizona  85003

By: /s/ Stephen D. Benedetto
   Stephen D. Benedetto
   Heather Hamel

*Attorneys for Plaintiff Norma Flores Valdez*

- 9 -